IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MERNA C. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 2:14-cv-189-WHA |
| ) | (WO) |
| MAYFLOWER TRANSIT, LLC, ) | |
| LINCOLN MOVING & STORAGE, INC., ) | |
| and APACA VAN LINES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This action is before the court on a Motion to Remand (Doc. # 11) filed by the Plaintiff, Merna C. Morris ("Morris"), on April 7, 2014.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama on February 14, 2014. The Plaintiff brings a claim for the replacement cost of household items that were allegedly damaged or not delivered in connection with her move from Dupont, Washington to Montgomery, Alabama.

On March 19, 2014, Mayflower Transit, LLC timely removed the case to this court on the basis of federal-question jurisdiction, alleging that removal was proper because the action "is a civil action against a motor carrier of household goods to recover damages for the alleged loss, damage or injury of an interstate shipment of household goods arising under 49 U.S.C. § 14706

["the Carmack Amendment"], wherein the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs." (Doc. # 1 ¶ 7). Defendants Lincoln Moving & Storage, Inc. and APACA Van Lines, Inc. consented to removal. (Doc. # 1-3).

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III. FACTS

The Complaint alleges the following facts:

Morris is enlisted in the United States Army and has been assigned to attend school at Maxwell Air Force Base in Montgomery, Alabama since July, 2013. On June 6, 2013, Morris contracted with Defendant Lincoln Moving and Storage, Inc. to move household items from Dupont, Washington to Montgomery, Alabama. The Army "paid Lincoln Moving and Storage, Inc. with the expectation that . . . they would deliver Plaintiff's household items on time and in good condition." (Doc. # 1-4 ¶ 7). Defendant APACA Van Lines, Inc., an agent of Lincoln Moving and Storage, Inc., delivered the household items to Morris, but "Defendants failed to

deliver items as specified in the contract and were two weeks late making the first delivery." (*Id.* ¶ 8). Further, the Defendants "still to-date have not delivered all the items picked up from the Plaintiff[,] and some of the items delivered were damaged." (*Id.*). As a result, Morris "has spent the last six months trying to resolve this matter[,] but Defendants [have] refuse[d] to adequately compensate [Morris] for the items lost or misplaced." (*Id.* ¶ 9). Morris requests $30,000 as the replacement cost for the damaged and missing items.[1]

## IV. DISCUSSION

In her Motion to Remand, Plaintiff argues that "[f]ederal question jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint." (Doc. # 11 ¶ 2). Accordingly, "[t]he plaintiff is relying on the 'well pleaded doctrine rule' [in support of remand,] where the plaintiff is the master of the claim and relie[s] exclusively on state law for this action." (*Id.* ¶ 3). In response, the Defendants argue that the Carmack Amendment is one of the few examples of complete preemption, whereby this court has federal-question jurisdiction over the claim despite the absence of a federal claim on the face of the complaint. Specifically, because the Carmack Amendment completely preempts state-law claims "arising from failures in the transportation and delivery of goods," the Plaintiff's claim arises under federal law. (Doc. # 15 at 5).

The court first notes that the Complaint in this case does not specifically allege a federal claim on its face. Thus, under normal circumstances, the well-pleaded complaint rule might dictate that federal-question jurisdiction would be lacking. *Caterpillar, Inc. v. Williams*, 482 U.S.

---

[1] This satisfies the jurisdictional requirement of $10,000 in Carmack Amendment cases. 28 U.S.C. § 1445(b) ("A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.").

3

386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

"There does exist, however, an 'independent corollary' to the well-pleaded complaint rule . . . known as the 'complete pre-emption doctrine." *Id.* Under that doctrine, "the pre-emptive force of a statute [can be found to be] so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). The issue in this case is whether the Carmack Amendment completely preempts Morris's claim, such that the complaint in this case is converted "'into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.*

The court finds that the claim in this case is completely preempted by the Carmack Amendment, and thus the case was properly removed pursuant to this court's federal-question jurisdiction.

In *Beneficial National Bank v. Anderson*, the Supreme Court stated that, for purposes of determining whether the complete preemption doctrine applies, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." 539 U.S. 1, 9 n.5 (2003).

While the Eleventh Circuit has yet to examine the Carmack Amendment in light of *Anderson*, two Circuit Courts of Appeals have. The Fifth Circuit analyzed *Anderson* in determining whether the Carmack Amendment completely preempted state-law negligence, breach of contract, and deceptive trade practices claims "stemming from the loss or damage to [a plaintiff's] personal belongings as a result of a move from Texas to Virginia." *Hoskins v. Bekins*

4

*Van Lines*, 343 F.3d 769, 771 (5th Cir. 2003). After determining that "the legal landscape surrounding the complete preemption doctrine has shifted" as a result of *Anderson*, *id.* at 775, and after examining both Supreme Court and Fifth Circuit precedent that evidenced the Carmack Amendment's "broad pre-emptive purpose," *id.* at 776, the *Hoskins* court found that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*," *id.* at 778 (emphasis in original). Thus, the Court held "that the complete preemption doctrine applies" and that, "[b]ecause the Carmack Amendment provides the exclusive cause of action for such claims," the plaintiff in that case's claims arose under federal law. *Id.*; *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688–89 (9th Cir. 2007) ("We hold that the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property. . . . Because [the plaintiff's] completely preempted contract claim presents a federal question, the district court properly denied [the plaintiff's] motion to remand.").

This court agrees with the analyses of the Fifth and Ninth Circuits and finds that Morris's claim is completely preempted by the Carmack Amendment. This is consistent with Eleventh Circuit precedent. The pre-*Anderson* Eleventh Circuit case of *Smith v. United Parcel Service*, while not directly on-point from a procedural standpoint, held that the Carmack Amendment has a broad preemptive purpose. 296 F.3d 1244, 1247 (11th Cir. 2002) ("To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913)). Although evaluating the preemptive effect of the Carmack Amendment as a defense to state-law claims, rather than as a basis for federal-question jurisdiction, the Eleventh

5

Circuit's *Smith* decision is consistent with the cases analyzed by the Fifth Circuit in *Hoskins* and the Ninth Circuit in *Hall*. Thus, as was held in *Hoskins*, actions "for loss or damages to goods arising from the interstate transportation of those goods by a common carrier" are completely preempted by the Carmack Amendment, and a Complaint alleging such an action would be removable under the court's federal-question jurisdiction. 343 F.3d at 778 (emphasis omitted).

In this case, the only allegations contained in the Complaint are that the Defendants failed to deliver some of Morris's household items and that, of those items that were delivered, some were damaged, with an *ad damnum* of more than $10,000. These alleged failures by the Defendants in transporting the household items from Washington to Alabama relate to "loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Id.* Because Congress intended the Carmack Amendment to act as the exclusive cause of action for such claims, Morris's claim is completely preempted by the Carmack Amendment. Thus, this court has federal-question jurisdiction, and the case was properly removed to this court.

## V. CONCLUSION

For the stated reasons, it is hereby

ORDERED that Plaintiff Morris's Motion to Remand is DENIED.

DONE this 13th day of May, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE